UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHEYOU EL Chevvon Youmans Estate Trust,<br><br>                   Plaintiff,<br><br>              v.<br><br>MARION SUPERIOR COURT 10 Juvenile Division,<br>REGINA TIDWELL,<br>MARIA MACK,<br>CHELSEA SAMPLES,<br>ERIC MCDONALD,<br>TIFFANY ROBINSON,<br>LYNNE HAMMER,<br><br>                 Defendants. | No. 1:23-cv-00436-JPH-MG |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT**

Plaintiff Cheyou El[1] filed this lawsuit against Marion Superior Court 10, a Marion County magistrate judge, and several Indiana Department of Child Services employees regarding events that have occurred since DCS took custody of her children in October 2021.

    **I.    Motion to proceed *in forma pauperis***

Ms. El's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. El to proceed

---

[1] Ms. El has filed this suit on behalf of "Chevvon Youmans Estate Trust"; the Court infers that Chevvon Youmans is her given name. *See, e.g.*, dkt. 1-11. The Court also notes that Ms. El refers to herself as an "attorney-in-fact," but that self-designation does not confer any legal status. *See Dridi v. Am. Family Mut. Ins. Co.*, 849 F. App'x 161, 163 (7th Cir. 2021).

1

without prepaying the filing fee, she remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time. The duplicate motion to proceed in forma pauperis, dkt. [3], is therefore **denied as moot**.

## II.     Screening

### A. Screening Standard

Because Ms. El is proceeding *in forma pauperis*, the Court will screen her complaint under 28 U.S.C. § 1915(e). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "it is always a federal court's responsibility to ensure it has jurisdiction." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Pro se complaints are construed

2

liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The Complaint

The factual allegations in the complaint are accepted as true for the purposes of screening.

In October 2021, Ms. El got into an argument with her three daughters at their apartment complex. When the girls called for help, some unknown neighbors responded by calling the police. The police arrived, separated Ms. El from her children, and then "interrogate[d]" her outside in the cold about what had happened. She explained to one officer—whose name she doesn't know—that she was just disciplining her daughters. Eventually, the officers arrested Ms. El based on "witness testimony" and took her to Marion County Jail.[2] After 26 days in jail, Ms. El paid her bond and was released on GPS monitoring. She was not allowed to return home because a judge had instituted a no contact order between her and her daughters. She stayed at Wheeler Mission homeless shelter until the no contact order was lifted in March 2022.

On November 17, 2021, Ms. El attended a virtual hearing before Magistrate Judge Regina Tidwell. Judge Tidwell used "threat, duress, and coercion" to get Ms. El to consider consenting to DCS services, against her

---

[2] Indiana court records reflect that two counts of domestic battery committed in the present of a child less than 16 years old were filed against Chevvon Youmans on October 13, 2021. *See State of Indiana v. Chevvon Youmans*, Case No. 49D23-2110-F6-031697. The charges were dismissed and the no contact order was lifted on March 31, 2022. *See id.*

3

religious beliefs, so that she could be reunified with her daughters. About a week later, Ms. El contacted Eric McDonald to begin services with DCS so that she could be reunified with her daughters. He did not respond.

Over the next few months, Ms. El attended several court hearings and "case family team meetings" related to the custody of her children. Attorney Maria Mack represented DCS in these proceedings. Ms. Mack was not responsive to many of the documents Ms. El filed in the case. In April 2022, Ms. El had a supervised visit over Zoom with her daughters, who were living at a foster home in Fort Wayne. Before the call, case worker Tiffany Robinson threatened Ms. El that Mr. McDonald and his supervisor, Chelsea Samples, would disconnect the call immediately if she tried to talk about the case with her children. Ms. El informed Ms. Mack about these threats.

Between June and October, Ms. El sent a number of documents to Ms. Mack, Mr. McDonald, Jamie Devine, Joyce Box,[3] and DCS attorney Lynne Hammer. They never responded to the documents. On October 12, 2022, there was a remote court hearing that "was adjudicated upon" but Ms. El couldn't attend the hearing due to issues with her remote connection.

On February 23, 2023, Ms. El received via email two orders that granted DCS's motions to dismiss the parental rights termination proceedings. *See* dkts. 1-16, 1-17.

**C. Discussion of Claims**

---

[3] Ms. El never identifies what roles Jaime Devine or Joyce Box held, but they are not listed in the caption, so the Court assumes she is not attempting to bring any claims against them.

4

### 1. Claim against Marion Superior Court 10

Ms. El does not identify any specific claim that she would like to assert against "Marion Superior Court 10 (Juvenile Division)," but Court 10 is simply a courtroom in a courthouse building. As such it is a "non-suable entity." *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, any claims against the court itself are **dismissed**.

### 2. Individual Defendants

In federal court, a complaint must contain a "short and plain statement showing the pleader is entitled to relief" and "demand the relief sought." Fed. R. Civ. P. 8(a)(2) and (3). Ms. El's complaint does not include any specific claims—based on federal or state law—that she is asserting against Judge Tidwell or the DCS employees and does not identify the any specific relief she is seeking—either in the form of money or some sort of court action. *See generally* dkt. 1. However, Ms. El did file a number of documents along with her complaint. *See* dkts. 1-1 through 1-18.[4] Doing its best to decipher these filings, it appears that Ms. El is alleging that DCS, "Child Protective Services," "Kids Voice Indiana," and "other Third party agencies and administrators have conspired knowingly, willingly, and intentionally to unlawfully seize, kidnap, and child traffic[]" her daughters. Dkt. 1-4 at 2. In these filings she seeks (1) a "writ of mandamus" requiring Judge Tidwell to "enforce the 'Notice of Default

---

[4] As it would in resolving a motion to dismiss, the Court may consider the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-1020 (7th Cir. 2013).

Judgment'" that Ms. El emailed to DCS attorney Ms. Mack in April 2022, *see* dkt. 1-3 at 2, and (2) a "writ of habeas corpus under 28 USC § 2241" for her daughters to be returned to her custody, *see* dkt. 1-4.

### a. Writ of Mandamus

Ms. El seeks a "writ of mandamus" that would require Judge Tidwell to "enforce the 'Notice of Default Judgment'" that Ms. El emailed to DCS attorney Ms. Mack in April 2022. Dkt. 1-3 at 2. Ms. El does not explain the content of the proposed "default judgment" or cite a specific provision of federal law that would grant this Court authority to issue such a writ.

Regardless, federal courts "cannot, as a general rule . . . use our power to issue mandamus to a state judicial officer to control or interfere with state court litigation, thus exceeding our jurisdiction." *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (citations omitted). Here, Ms. El seeks an order from this Court directing Judge Tidwell to "enforce" a motion in the state court proceedings. This Court lacks jurisdiction to do so. See id. Therefore, to the extent that Ms. El's complaint seeks a writ of mandamus that claim is **dismissed** for lack of jurisdiction.

### b. Habeas Corpus

To the extent that Ms. El seeks a writ of habeas corpus based on allegations that Defendants seized and retained custody of her daughters in violation of the Constitution, that claim must also be **dismissed** for lack of jurisdiction. The Supreme Court has held that "extending the federal writ [of habeas corpus] to challenges to state child-custody decisions—challenges

6

based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts." *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 512 (1982) (affirming dismissal of petition under § 2254 for lack of jurisdiction); *see also United States ex rel. Mueller v. Missouri Div. of Family Servs.*, 123 F.3d 1021, 1023 (8th Cir. 1997) (affirming dismissal of petition under § 2241 for lack of jurisdiction). Moreover, it appears that, based on the filings she has submitted, Ms. El's parental rights have not been terminated, *see* dkts. 1-16, 1-17, so it doesn't appear that there is an adverse termination ruling to be challenged.

### c.  42 U.S.C. § 1983

Ms. El alleges "DCS . . . and [its] administrators have conspired knowingly, willingly, and intentionally to unlawfully seize, kidnap, and child traffick" her daughters. Dkt. 1-4 at 2.

Generally, a plaintiff may seek money damages and/or injunctive relief for constitutional violations committed by state actors under 42 U.S.C. § 1983. *See Kress v. CCA of Tennesee, LLC*, 694 F.3d 890, 894 (7th Cir. 2012) (under § 1983, declaratory or injunctive relief is only proper if there is a continuing violation of federal law."). Here it appears that Ms. El has plausibly alleged that the DCS employees violated her Fourteenth Amendment substantive due process rights by interfering with her parental rights. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018 (7th Cir. 2000) ("the Supreme Court has long recognized as a component of substantive due process the right

7

to familial relations."); *see also Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463 (7th Cir. 2011).  However, Ms. El has not expressly raised a claim under § 1983 or identified what types of relief she would seek under the statute. Because Ms. El is the master of her complaint, she must tell the Court what her claims are and the relief she is seeking.

The only specifically identified requests for relief must be **dismissed for lack of jurisdiction**, *see supra* at Section 2 (a) and (b), but dismissal of the complaint will not lead to dismissal of the suit at this time.  Instead, Ms. El shall have **through May 8, 2023**, in which to file an amended complaint.  *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

An amended complaint should in essence tell the Court who did what when.  The amended complaint will completely replace the complaint filed at docket 1 and must conform to the following guidelines:

(a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;"

(b) the amended complaint must include a demand for the relief sought;

(c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and

> (d) the amended complaint must include the case number referenced in the caption of this Order, 1:23-cv-00436-JPH-MG and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened pursuant to § 1915(e).

### D. Conclusion

Ms. El's motion to proceed *in forma pauperis*, dkt. [2] is **granted**. The duplicate motion, dkt. [3], is **denied as moot**.

All claims against Marion Superior Court 10 are **dismissed**. The **Clerk is directed** to terminate Marion Superior Court 10 (Juvenile Division) from the docket.

The requests for a writ of mandamus and writ of habeas corpus are **dismissed without prejudice** for lack of jurisdiction.

Ms. El shall have **through May 8, 2023**, in which to file an amended complaint. Failure to do so will result in this suit being dismissed without prejudice for lack of jurisdiction without further notice.

**SO ORDERED.**

Date: 4/10/2023

Distribution:
CHEYOU EL
301 N Shortridge Rd
Indianapolis, IN 46219

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana